IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03004-BNB

MICHAEL POUNDSTONE,

    Plaintiff,

v.

ANN POUNDSTONE,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Michael Poundstone, initiated this action on November 1, 2013, by filing *pro se* a document titled "Civil Action" [Doc. # 1]. Mr. Poundstone alleges that the Defendant unduly influenced the parties' mother, who suffered from dementia, to change her will to exclude the Plaintiff so that the Defendant is the sole beneficiary of the mother's estate. The mother died in 2008, and her will is in the state probate court. Mr. Poundstone asserts three claims for relief: (1) Defendant's actions violated the "Disabled Adults and Elderly Persons Protections Act" [Doc. # 1, at 5]; (2) Defendant used undue influence when she coerced the testator to change her will to exclude the Plaintiff; and, (3) Defendant's actions violated the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, *et seq.* Mr. Poundstone asks the Court to enforce the original will of the testator and disburse the testator's assets accordingly. Plaintiff asserts that jurisdiction exists in this Court pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

    The Court construes Plaintiff's allegations liberally because he is not represented

by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed without prejudice for lack of subject matter jurisdiction.

The Court does not have federal question jurisdiction over Mr. Poundstone's claims under 42 U.S.C. § 1983 because the Defendant, Ann Poundstone, is not a state actor, and Plaintiff does not allege that he was deprived of a federally-protected right. *See West v. Atkins,* 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

Furthermore, the Court is not aware of a federal law titled the "Disabled Adults and Elderly Persons Protections Act." To the extent Plaintiff is attempting to enforce the state criminal statute that protects at-risk adults, *see* COLO. REV. STAT. § 18-6.5-103 (2013), he lacks standing to do so. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). *See also Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Mr. Poundstone also lacks standing to bring a claim under the ADA on behalf of his mother. *See RMA Ventures California v. SunAmerica Life Ins.*, 576 F.3d 1070, 1073 (10th Cir. 2009) ("A well-founded prudential-standing limitation is that litigants cannot sue in federal court to enforce the rights of others."); *see also Rawoof v. Texor Petrol.*

*Co., Inc.,* 521 F.3d 750, 757 (7th Cir.2008) (noting that Federal Rule of Civil Procedure 17's real party in interest requirement is essentially the codification of a well-established prudential-standing limitation precluding litigants from enforcing the rights of others); *American Immigration Lawyers Ass'n v. Reno,* 199 F.3d 1352, 1357 (D.C. Cir. 2000) (recognizing that federal courts have a general prohibition on allowing a litigant to raise another person's legal rights).

In addition, the Plaintiff's suit cannot be premised upon diversity jurisdiction, 28 U.S.C. § 1332, even if there is diversity of citizenship between the parties. It is well-established that matters involving probate or administration of a decedent's estate fall outside the scope of federal jurisdiction. *See Markham v. Allen*, 326 U.S. 490, 494 (1946) ("[A] federal court has no jurisdiction to probate a will or administer an estate.") Nonetheless, federal courts do "have jurisdiction to entertain suits in favor of . . . heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Id.* (quotation marks omitted). Accordingly, federal jurisdiction over probate matters depends on state law. *See McKibben v. Chubb*, 840 F.2d 1525, 1529 (10th Cir.1988).

> The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court. If so, the parties will be relegated to that court; but where the suit merely seeks to enforce a claim *inter partes*, enforceable in a state court of general jurisdiction, federal diversity jurisdiction will be assumed.

*McKibben*, 840 F.2d at 1529 (emphasis added); *see also Golden ex rel. Golden v. Golden*, 382 F.3d 348, 357-58 (3d Cir. 2004) (detailed discussion of probate exception).

A claim of undue influence in the execution of a will is ancillary to a will challenge and belongs in the ongoing state probate proceedings. *McKibben*, 840 F.2d at 1530; *Rienhardt v. Kelly*, 164 F.3d 1296, 1301 (10th Cir. 1999). All three of Plaintiff's claims are premised on the same facts — that the Defendant exercised undue influence over the parties' mother to exclude the Plaintiff from the mother's will. Because Plaintiff's claims are within the probate court's exclusive jurisdiction, the federal district court is precluded from hearing the action.

Finally, although Plaintiff does not allege that he is challenging a final decision of the probate court, such a claim would be barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine operates as a jurisdictional limit on federal courts, precluding "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). A federal complaint that seeks to nullify the order of a state probate court is properly dismissed under the *Rooker-Feldman* doctrine. *See Mann v. Boatwright*, 477 F.3d 1140, 1147 (10th Cir. 2007). Accordingly, it is

ORDERED that this civil action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this 5th day of November, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court